# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **LARRY REGINALD PATTERSON,** | ) | **CASE NO. 1: 25 CV 1298** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **CITY OF SHAKER HEIGHTS,** *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

## Background

*Pro se* Plaintiff Larry Reginald Patterson has filed a "Complaint for Violations of Civil Rico - 18 U.S.C. § 1962" in this case against the City of Shaker Heights, its Law Director and Chief Prosecutor, and a Judge and three Clerks of the Shaker Heights Municipal Court. (Doc. No. 1.) Although Plaintiff indicates his action pertains to a pending Shaker Heights Municipal Court traffic case against him (Case No. 24TRD2535), his complaint does not otherwise set forth clear allegations. Instead, his complaint consists of unclear, conclusory, or nonsensical assertions and legal rhetoric. (*See* Doc. No. 1 at 1-2.)

In a "Preliminary Statement," Plaintiff states he asserts RICO claims for "misconduct involving the concealment of financial instruments, denial of due process, obstruction of court records, and unauthorized monetization of court proceedings." (Doc. No. 1 at 1.) But in the section of his complaint labeled "factual allegations," he does not set forth cogent allegations supporting any such claims. Rather, he states that: "the court initiated a bond for warrant

issuance, signed by multiple court officers, which [he] has obtained documentation of"; he "filed lawful discovery motions and received no material response"; "CNA Surety denied bond claim jurisdiction despite oath of office indicating public surety was in place"; "FOIA and agency complaints confirm attempts to conceal the bond chain, including non-disclosure of monetization pathways through DTCC, CRIS, and Bloomberg-based instruments"; and he "submitted affidavits and IRS Whistleblower materials documenting fraudulent surety activity under 31 CFR § 223.17 and related statutes." (*Id*. at 2, ¶¶ 7-11.)

On the basis of these assertions, he seeks a declaration that Defendants violated RICO, $1 million in compensatory and punitive damages, and "full financial restitution and bond disclosure under FOIA and fiduciary duties." (*Id*. at 3, "Relief Requested.")

With his complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. For the following reasons his complaint is dismissed.

**Standard of Review and Discussion**

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). Although the standard of

review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001).

Further, federal courts are courts of limited jurisdiction have a duty to police the boundaries of their jurisdiction. See Fed. R. Civ. P. 12(h)(3). "A district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds Plaintiff's complaint warrants dismissal pursuant to § 1915(e)(2)(B) and *Apple v. Glenn*. Plaintiff's pleading is so unclear, conclusory, unsubstantial, and frivolous that it fails to meet basic federal pleading requirements or set forth any plausible RICO or other federal claim against any Defendant upon which he may be granted relief. *See, e.g., Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief); *see also Rucker v. Clerk of Court*, No. 1:25 cv 810, 2025 WL 1676284, at *2 (N.D. Ohio June 13, 2025) (dismissing *pro se* complaint against Clerk of Court, United States Attorneys, and federal judge pursuant to *Apple v. Glenn* where "Plaintiff's allegations [were] so incoherent, implausible, and unsubstantial that they d[id] not provide a basis to establish th[e] Court's subject matter jurisdiction").

Further, Plaintiff appears to contend his rights were violated, or that he was treated unlawfully, in connection with traffic court proceedings against him in Shaker Heights Municipal Court. Under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 44–45 (1971), federal courts must decline to exercise subject matter jurisdiction when doing would unduly interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. Federal court abstention is warranted if: (1) a state proceeding is on-going; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise federal concerns. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Accordingly, to the extent a case against Plaintiff is still pending in Shaker Heights Municipal Court, the factors warranting federal abstention are present. Exercising jurisdiction in Plaintiff's action would interfere with an ongoing state municipal court traffic matter, which is of paramount state importance. *See Younger*, 401 U.S. at 44–45. And Plaintiff has not set forth facts suggesting that the Shaker Heights Municipal Court can not or will not provide him an adequate opportunity to raise any legitimate federal concerns he has in the context of that state case. The Court finds no extraordinary basis to, and would not, interfere with or intervene in an on-going state criminal traffic proceeding and finds Plaintiff's complaint warrants dismissal on the basis of *Younger* even if he had alleged a cogent federal claim. *See Moore v. City of Garfield Heights*, No. 12-cv-1700, 2012 WL 5845369, at * 5 (N.D. Ohio Nov. 19, 2012) (dismissing § 1983 claims arising from municipal court traffic, criminal, and small claims proceedings).

Furthermore, judges, judicial employees, and prosecutors are immune from suit relating

to their official functions. *See, e.g., Rucker v. Clerk of Court*, No. 1:25 cv 810, 2025 WL 1676284, at *2 (N.D. Ohio June 13, 2025) (dismissing *pro se* complaint against Clerk of Court, United States Attorneys, and federal judge where complaint did not "assert any legal claim ... intelligible to the Court" and on the basis of immunity).

## Conclusion

For all of the foregoing reasons, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and the Court's authority established in *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE